■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY JACKSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Leone, J.), rendered February 21, 1980, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the defendant's motion to dismiss the indictment pursuant to CPL 190.50 on the ground that he was denied his right to testify before the Grand Jury.

Ordered that the judgment is affirmed.

The defendant contends that the court erred in denying his motion to dismiss the indictment and that he was denied the effective assistance of counsel. These contentions essentially arise from the defendant's complaint that his original attorney disregarded his request to testify before the Grand Jury. We find no merit to these contentions.

At the time of the defendant's arraignment in the Criminal Court of the City of New York on October 4, 1978, his attorney informed the District Attorney that he was serving notice of the defendant's intention to testify at any Grand Jury proceeding on the charges (see, CPL 190.50). On November 3, 1978, an indictment was filed against the defendant and a codefendant, and on November 24, 1978, the defendant was arraigned on the indictment in the Supreme Court. Thereafter, on January 11, 1979, the defendant moved to have his attorney relieved, and the court granted the motion on January 17, 1979, assigning new counsel.

In a letter signed by the defendant and notarized on January 9, 1979, which was addressed to the Justice presiding at the pretrial conferences, the defendant requested that the indictment be dismissed upon the ground that the District Attorney disregarded his timely notice that he wished to testify before the Grand Jury. A formal written motion requesting the same relief was later submitted by the defendant's new attorney and on August 30, 1979 a hearing was held on the matter.

The defendant's original attorney presented undisputed testimony that prior to the filing of the indictment, the defendant never expressed any desire to testify before the Grand Jury. In fact, according to that attorney, the defendant concurred with his opinion that it was in his best interest not to testify and he consented to have the attorney request that the District Attorney submit to the Grand Jury a statement made by the codefendant allegedly exculpating the defendant. The original attorney explained that he had served the District Attorney with notice of the defendant's intention to testify only because this was his usual practice and not upon any request made by the defendant. However, it was only after the indictment was handed down by the Grand Jury that the defendant, for the first time, indicated that he wished to testify.

Significantly, the defendant did not testify at the hearing or present any evidence refuting his original attorney's testimony. On this record, we find no basis to conclude that the defendant's right to appear and testify under CPL 190.50 was violated or abridged in any way (cf., People v Lincoln, 80 AD2d 877). Moreover, the defendant's original attorney followed well-reasoned and competent pretrial strategy in suggesting that it was not in the defendant's best interest to testify before the Grand Jury, and generally afforded the defendant meaningful representation (see, People v Satterfield,

66 NY2d 796, 800; *People v Baldi,* 54 NY2d 137, 147). Brown, J. P., Eiber, Kunzeman and Spatt, JJ., concur.