■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES RUSHIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Colabella, J.), rendered March 9, 1990, convicting him of rape in the first degree, sodomy in the first degree, rape in the second degree, sodomy in the second degree, sexual abuse in the first degree, sexual abuse in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings pursuant to CPL 460.50 (5).

The defendant's contention that the trial court committed reversible error when it denied his request for a missing witness charge is without merit. The defendant did not meet his initial burden of demonstrating that the uncalled witness was knowledgeable about a material issue and that the witness's testimony would have been favorable to him *(see, People v Dianda,* 70 NY2d 894; *People v Gonzalez,* 68 NY2d 424).

Similarly without merit is the defendant's contention that he is entitled to a new trial because the People withheld *Brady* material *(Brady v Maryland,* 373 US 83). *Brady* material is defined as information in the prosecution's possession that is both favorable and material to the defense. We find that the information allegedly withheld here does not fall within the rule enunciated in *Brady,* as it could not be

considered either exculpatory or material *(see, People v Vilardi,* 76 NY2d 67; *People v Nedrick,* 166 AD2d 725). Thompson, J. P., Eiber, Balletta and O'Brien, JJ., concur.