■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DELVECCHIO, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered May 16, 1991, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, reckless endangerment in the first degree, and menacing, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

The defendant's contention that he is entitled to a new trial because the People withheld *Brady* material until the middle of the trial *(see, Brady v Maryland,* 373 US 83) is without merit. *Brady* material is defined as information in the prosecutor's possession that is both favorable and material to the defense. We find that the information allegedly withheld here does not fall within the rule enunciated in *Brady,* as it could not be considered exculpatory *(see, People v Vilardi,* 76 NY2d 67; *People v Rushin,* 172 AD2d 571). In any event, the defendant received the material at a time when he had a meaningful opportunity to use it in his defense *(see, People v Cortijo,* 70 NY2d 868).

The defendant also contends that several prejudicial remarks of the prosecutor in summation warrant reversal. We find that while some of the prosecutor's comments warrant criticism, they were not so prejudicial as to warrant reversal

of the judgment of conviction *(see, People v Galloway,* 54 NY2d 396; *People v Torres,* 121 AD2d 663). The prosecutor did not improperly vouch for his case or express his personal belief as to the truth or falsity of the evidence *(see, People v Bailey,* 58 NY2d 272). Although the prosecutor mentioned in his summation that the defendant fled the scene like a coward after firing the shots, in violation of the trial court's earlier directive not to argue flight as evidence of consciousness of guilt, in light of the defense counsel's reference to the defendant's flight in his summation and the overwhelming evidence of the defendant's guilt, this error does not warrant a reversal of his conviction.

We have considered the defendant's remaining contentions and find that they are without merit. Mangano, P. J., Thompson, Eiber and Ritter, JJ., concur.