■ The People of the State of New York, Respondent, v Juan Dorta, Appellant. [664 NYS2d 362] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rivera, J.), rendered January 22, 1996, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]). The evidence showed, inter alia, that undercover police officers arrested the defendant after he sold heroin to another man and, upon executing a previously obtained search warrant for the defendant's apartment, recovered 35 glassine envelopes of heroin, which, like the envelope recovered from the defendant's buyer, were marked "No Doubt".

We find no merit to the defendant's contention that the police lacked probable cause to arrest him. Although the officer who testified at the hearing did not observe the actual sale, he acted upon the communication from a superior officer from the same narcotics enforcement team who, standing only a few feet away, had just observed the defendant make the sale. Therefore, the hearing court properly applied the "fellow officer rule" to impute the observing officer's knowledge to the arresting officer to establish probable cause (see, People v Ramirez, 88 NY2d 99; People v Washington, 87 NY2d 945; People v Gittens, 211 AD2d 242).

The defendant's remaining contentions are without merit. O'Brien, J. P., Thompson, Sullivan and McGinity, JJ., concur.