■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS JOHNSON, Appellant. [702 NYS2d 379] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered April 21, 1998, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings

up for review the denial, after a hearing (Cooperman, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony and physical evidence.

Ordered that the judgment is affirmed.

There was a sufficient basis for the hearing court to conclude that the defendant's arrest after a buy-and-bust operation was based on probable cause. The undercover officer radioed his back-up team that he had a "positive" buy, and described the defendant as a tall black male wearing a black jacket, black pants, and a black hat. Just prior to the defendant's arrest across the street from where the sale was consummated, and within minutes of the transaction, the officer updated the team as to the defendant's location and made a confirmatory identification of the defendant, who matched the description (*see, People v Acevedo,* 179 AD2d 465; *People v Javier,* 175 AD2d 182; *People v Moczo,* 174 AD2d 365).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions raised in his supplemental *pro se* brief are either unpreserved for appellate review or without merit. Mangano, P. J., Bracken, Joy and H. Miller, JJ., concur.