■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY BENITEZ, Also Known as CARLOS VELEZ, Appellant. [721 NYS2d 390] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered February 21, 1997, convicting him of robbery in the first degree, sodomy in the first degree, burglary in the first degree, endangering the welfare of a child, attempted sodomy in the first degree, and attempted robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his conviction must be reversed because he did not knowingly and intelligently waive his right to counsel due to a failure on the part of the trial court to duly warn him of the dangers of self-representation. We disagree.

"A defendant in a criminal case may invoke the right to defend *pro se* provided that: (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues" (*People v McIntyre,* 36 NY2d 10, 17). After an inquiry into the defendant's background and experience, the trial court warned the defendant of the difficulties and dangers of proceeding *pro se*. Among other things, the court emphasized the fact that DNA evidence was involved, lending an added complexity to the case, that the defendant faced the possibility of a lengthy sentence if convicted of the crimes charged, and that most attorneys, when faced with the prospect of litigation, retain counsel. After the trial court fully informed the defendant of the difficulties and dangers of self-representation, the defendant, in response to the court's inquiry, stated that he wished to proceed *pro se*. Thus, the court adequately warned the defendant of the dangers of proceeding *pro se*, and as a result, the defendant's waiver was knowing and intelligent.

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. O'Brien, J. P., Ritter, Altman and Schmidt, JJ., concur.