■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPH RIDDICK, Appellant. [750 NYS2d 527] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered September 29, 1998, convicting him of burglary in the third degree (two counts), attempted burglary in the third degree (two counts), and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's waiver of his right to counsel was unequivocal, voluntary, and intelligently made (*see People v Smith,* 92 NY2d 516, 520; *People v Slaughter,* 78 NY2d 485, 491; *People v Sawyer,* 57 NY2d 12, 21, *cert denied* 459 US 1178). The trial court undertook a sufficient searching inquiry of the defendant to be reasonably certain that the dangers and disadvantages of giving up the fundamental right to counsel were impressed upon him (*see People v Smith, supra* at 520; *People v Slaughter, supra* at 491; *People v Sawyer, supra* at 21). Further, the trial court apprised the defendant of the risks and dangers of self-representation, and thus properly granted his request to proceed pro se (*see People v Vivenzio,* 62 NY2d 775; *People v El,* 250 AD2d 395).

The defendant's contention that the evidence was legally insufficient to establish his guilt under the second count of the indictment for burglary in the third degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858; *People v Fryar,* 276 AD2d 641). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of that count beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80). Altman, J.P., Goldstein, McGinity and Mastro, JJ., concur.