■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SOVIERO, Appellant. [772 NYS2d 710]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), dated November 29, 2001, convicting him of criminal possession of a controlled substance in the third degree (two counts), criminal possession of marijuana in the fifth degree, and unlawful possession of marijuana, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (McDonald, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the testimony of the arresting officer was sufficient to support the hearing court's determination that there was probable cause for his arrest. "Under the fellow officer rule, a police officer can make a lawful arrest even without personal knowledge sufficient to establish probable cause, so long as the officer is acting upon the direction of or as a result of communication with a fellow officer . . . in possession of information sufficient to constitute probable cause for the arrest" (*People v Ketcham,* 93 NY2d 416, 419 [1999] [internal quotation marks omitted]). Here, the arresting officer's testimony established that he received a radio transmission from the sergeant supervising a buy-and-bust operation, which indicated that the sergeant had observed the defendant smoking marijuana. Since the arresting officer was entitled to rely upon the information provided by the sergeant, the arrest was lawful, and the hearing court properly denied that branch of the defendant's omnibus motion which sought to suppress physical evidence (*see People v Ketcham, supra; People v*

*Mims,* 88 NY2d 99 [1996]; *People v Washington,* 87 NY2d 945 [1996]; *People v Williams,* 305 AD2d 802 [2003]; *People v Dorta,* 244 AD2d 566 [1997]). Krausman, J.P., Schmidt, Cozier and Mastro, JJ., concur.