■ The People of the State of New York, Respondent, v Ken Dixon, Appellant. [774 NYS2d 742]—Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Kron, J.), rendered March 11, 2002, convicting him of robbery in the first degree, robbery in the second degree (two counts), criminal possession of a weapon in the fourth degree, and criminal possession of stolen property in the fifth degree (two counts) under indictment No. 10/01, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court also rendered March 11, 2002, convicting him of attempted robbery in the third degree under Superior Court Information No. 3630/00, upon his plea of guilty, and imposing sentence.

Ordered that the judgments are affirmed.

The defendant's contention that the evidence at trial on indictment No. 10/01 was legally insufficient to establish his guilt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its deter-

mination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant entered into a plea agreement on Superior Court Information No. 3630/00 pursuant to which he knowingly, intelligently, and voluntarily waived his right to appeal. That waiver forecloses his current claim that his sentence for attempted robbery in the third degree was excessive (*see People v Hidalgo,* 91 NY2d 733 [1998]; *People v Chapman,* 2 AD3d 647 [2003], *lv denied* 1 NY3d 596 [ 2004]; *People v Barnes,* 306 AD2d 537 [2003], *lv denied* 1 NY3d 568 [2003]).

The sentence imposed pursuant to the defendant's conviction upon indictment No. 10/01 was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Smith, J.P., Goldstein, Mastro and Rivera, JJ., concur.