■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID MARTINEZ, Appellant. [794 NYS2d 397]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered June 18, 2001, convicting him of burglary in the second degree (three counts), criminal possession of a weapon in the third degree, criminal possession of stolen property in the fourth degree (two counts), and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Braun, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's contention that no probable cause existed to support his arrest is without merit. Probable cause to arrest exists if the circumstances known to the arresting officer would lead a reasonable person possessing the same expertise as the arresting officer to conclude that it is more probable than not that the suspect has committed or is committing a crime (*see People v Bigelow,* 66 NY2d 417, 423 [1985]; *People v Brown,* 173 AD2d 629 [1991]). Here, the police had reasonable suspicion to stop and detain the defendant based upon a radio transmission and the fact that the defendant was observed in close proximity

to the scene of the crime shortly after the crime occurred (see *People v Martinez*, 301 AD2d 615 [2003]; *People v Turner*, 295 AD2d 545 [2002]), in addition to his furtive movements upon seeing the patrol car (see *People v Febus*, 11 AD3d 554 [2004], *appeal dismissed* 4 NY3d 743 [2004]). Upon being confronted by a police officer, the defendant admitted that the screwdriver observed at his feet was his (see *People v Cordero*, 140 AD2d 367 [1988]). He was then identified by the police officer who had seen him at the scene of the crime (see *People v Parris*, 83 NY2d 342, 345-346 [1994]; *People v Day*, 8 AD3d 495, 496 [2004]; *People v Moore*, 296 AD2d 426 [2002]; *People v Evans*, 237 AD2d 458, 459 [1997]).

Further, there is nothing in the record to support the defendant's contention that the testimony of the detective at the suppression hearing was incredible or patently tailored to nullify constitutional objections (see *People v Evans*, 298 AD2d 401 [2002]). Accordingly, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence.

The defendant failed to preserve for appellate review his argument that the evidence was legally insufficient to establish three counts of burglary in the second degree beyond a reasonable doubt (see *People v Gray*, 86 NY2d 10 [1995]; *People v Udzinski*, 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (see *People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The defendant's remaining contentions raised in his supplemental pro se brief are without merit (see *People v Rushin*, 172 AD2d 571 [1991]; *People v Jackson*, 134 AD2d 521 [1987]). H. Miller, J.P., Adams, Goldstein and Spolzino, JJ., concur.