■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL NELSON, Appellant. [804 NYS2d 1]—

Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered February 4, 2005, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The court properly sentenced defendant under the law applicable at the time of the crime. Defendant, who committed this crime before the effective date of the Drug Law Reform Act (L 2004, ch 738) but was sentenced after that date, seeks to invoke the amelioration doctrine of *People v Behlog* (74 NY2d 237 [1989]) in order to obtain the benefit of the reduced penalty contained in the new law. We agree with the reasoning of those trial courts that have refused to apply the amelioration doctrine (*see e.g. People v Walker*, 9 Misc 3d 1101[A], 2005 NY Slip Op 51364[U] [McGuire, J.]; *contra e.g. People v Denton*, 7 Misc 3d 373 [2005, Gerges, J.]). The Legislature directly addressed the retroactivity of its ameliorative sentencing provisions by stating that the provisions at issue shall take effect 30 days after having been signed into law, and that such provisions, with the exception of Penal Law § 60.04 (6), "shall apply to crimes committed on or after the effective date thereof" (L 2004, ch 738, § 41 [d-1]). We conclude that this language expresses an intent to negate the amelioration doctrine. The language employed was no less explicit than the language at issue in *People v Festo* (96 AD2d 765 [1983], *affd* 60 NY2d 809 [1983]), and the Legislature was not obligated to use the same formulation as in *Festo* in order to express its intent. Furthermore, the new law includes a number of ameliorative provisions that benefit defendants who were sentenced under the old laws.

We have considered and rejected defendant's remaining arguments. Concur—Friedman, J.P., Sullivan, Nardelli, Gonzalez and Sweeny, JJ.