■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO HINES, Appellant. [808 NYS2d 35]—

Judgment, Supreme Court, Bronx County (Denis J. Boyle, J., at plea; John P. Collins, J., at sentence), rendered July 8, 2003, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to 4¹/₂ to 9 years, unanimously affirmed.

Defendant has waived his right to appeal, which forecloses any claim regarding the severity of defendant's lawful sentence (*People v Seaberg,* 74 NY2d 1, 10 [1989]). Were we to find that defendant's argument is not foreclosed, we would find that he is

not entitled, pursuant to the amelioration doctrine of *People v Behlog* (74 NY2d 237 [1989]), to the benefit of the reduced penalty contained in the Drug Law Reform Act (L 2004, ch 738), because the Legislature has expressly stated that the provision at issue applies only to crimes committed after its effective date (*People v Nelson,* 21 AD3d 861 [2005]). In any event, the amelioration doctrine does not apply where, as here, a defendant was sentenced before the new law's effective date (*People v Walker,* 81 NY2d 661, 666-667 [1993]). Since defendant received the minimum sentence permitted by law, this Court has no authority to reduce it as a matter of discretion in the interest of justice (CPL 470.20 [6]). Concur—Tom, J.P., Friedman, Nardelli and Sweeny, JJ.