■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GOODSON, Appellant. [806 NYS2d 874]—Judgment, Supreme Court, New York County (Charles J. Tejada, J.), rendered March 30, 2004, convicting defendant, after a nonjury trial, of criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony offender to a term of 3 to 6 years, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis for disturbing the court's determinations concerning credibility, including its rejection of defendant's implausible explanation of how he came to make a written confession (*see People v Gaimari*, 176 NY 84, 94 [1903]). Concur—Tom, J.P., Mazzarelli, Sullivan, Nardelli and McGuire, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD SHERWOOD, Appellant. [808 NYS2d 200]—

Judgment, Supreme Court, New York County (Brenda Soloff, J., at plea; Lewis Bart Stone, J., at sentence), rendered August 11, 2004, convicting defendant of criminal sale of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Defendant is not entitled, pursuant to the amelioration doctrine of *People v Behlog* (74 NY2d 237 [1989]), to the benefit of the reduced penalty contained in the Drug Law Reform Act (L 2004, ch 738), because the Legislature has expressly stated that the provision upon which defendant relies applies only to crimes committed after its effective date (*People v Nelson*, 21 AD3d 861 [2005]). In any event, the amelioration doctrine does not apply where, as here, a defendant was sentenced before the new law's effective date (*People v Walker*, 81 NY2d 661, 666-667 [1993]). Concur—Tom, J.P., Mazzarelli, Sullivan, Nardelli and McGuire, JJ.