■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JEMEL GOODE, Respondent. [809 NYS2d 128]—

Appeal by the People from a sentence of the County Court, Rockland County (Resnik, J.), imposed January 18, 2005, upon the defendant's conviction of criminal sale of a controlled substance in the third degree, upon his plea of guilty, the sentence being a determinate term of imprisonment of one year, to be followed by a two-year period of post-release supervision.

Ordered that the sentence is reversed, on the law, and the matter is remitted to the County Court, Rockland County, for resentencing in accordance with the law applicable at the time of the defendant's offense.

On November 16, 2004, the defendant entered a plea of guilty to one count of criminal sale of a controlled substance in the third degree, based on conduct which occurred on August 2, 2004. The defendant was promised a sentence of an indeterminate term of imprisonment of one to three years. He appeared for sentencing on January 18, 2005. Accepting the defendant's argument that he should benefit from the provisions of the Drug Law Reform Act of 2004 (L 2004, ch 738; hereinafter DLRA), which had been enacted after his plea of guilty was entered, the County Court sentenced the defendant, pursuant to the new statute, to a determinate term of imprisonment of one year, to be followed by a two-year period of post-release supervision. The People appeal, contending that the defendant should have been sentenced, pursuant to pre-DLRA law, to the agreed-upon indeterminate prison term.

The DLRA sets forth a new sentencing structure for drug offenses (*see* L 2004, ch 738, §§ 20, 36 [adding Penal Law §§ 60.04, 70.70, 70.71]), and provides that the new structure "shall apply to crimes committed on or after the effective date" of the

statute's relevant sections (L 2004, ch 738, § 41 [d-1]). Thus, the DLRA, while ameliorative in nature, expressly states that its sentencing provisions are to have only prospective application (*see People v Nelson*, 21 AD3d 861, 862 [2005]; *see also People v Festo*, 96 AD2d 765, 766 [1983], *affd* 60 NY2d 809 [1983]; *cf. People v Behlog*, 74 NY2d 237 [1989]). Although the DLRA and subsequent legislation contain resentencing provisions which, in effect, permit the retroactive application of the new sentencing structure, those provisions apply only to defendants convicted of class A-I felonies (*see* L 2004, ch 738, § 23) or class A-II felonies (*see* L 2005, ch 643).

The relevant sections of the DLRA became effective on January 13, 2005, which was "the thirtieth day after" December 14, 2004, when the legislation was approved by the Governor (L 2004, ch 738, § 41 [d-1]). Since the defendant's crime was committed prior to the effective date of the new sentencing provisions, the sentence imposed upon the defendant pursuant to the DLRA was invalid as a matter of law, and the defendant must be resentenced under the law applicable at the time of his offense. Cozier, J.P., Ritter, Rivera and Fisher, JJ., concur.