■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO TORRES, Appellant. [809 NYS2d 187]—

Appeal by the defendant, as limited by his brief, from a

sentence of the County Court, Nassau County (Brown, J.), imposed January 26, 2005, on the grounds that the sentence is excessive and illegal.

Ordered that the sentence is affirmed.

On December 3, 2004, with the prosecutor's consent, the defendant pleaded guilty to a reduced charge of attempted criminal sale of a controlled substance in the third degree, a class C felony, in full satisfaction of a superior court information which charged him with four separate class B felony drug offenses. In the course of his allocution, the defendant admitted that, on May 7, 2003, he sold a quantity of cocaine to another person. Upon his admission, he was adjudged a second felony offender, and he was promised the minimum permissible sentence of an indeterminate term of 3 to 6 years imprisonment. The matter was then adjourned for sentencing.

On January 26, 2005, the defendant appeared for sentencing. He claimed that he was entitled to the benefit of the relevant provisions of the Drug Law Reform Act (L 2004, ch 738) which had become effective on January 13, 2005, and which reduced the minimum sentence permissible for a prior felony offender convicted of a class C drug felony to a determinate term of two years imprisonment (*see* Penal Law § 70.70 [3] [b] [ii]). The County Court rejected the defendant's contention and sentenced him as promised to an indeterminate term of 3 to 6 years imprisonment. The defendant now appeals, claiming that, inter alia, as he was promised the minimum sentence permissible, the sentence imposed was illegal. We affirm.

In *People v Behlog* (74 NY2d 237, 240 [1989]), the Court of Appeals determined that, when the Legislature passes an ameliorative amendment that reduces the punishment for a crime, the lesser penalty may be imposed in all cases decided after the effective date of the enactment, even though the crime may have been committed before that date. The Court explained that the rationale for the rule is that "by mitigating the punishment the Legislature is necessarily presumed—*absent some evidence to the contrary*—to have determined that the lesser penalty sufficiently serves the legitimate demands of the criminal law" (*id.*, emphasis supplied). As part of the Drug Law Reform Act (hereinafter the Act), however, the Legislature specifically provided that, with certain exceptions not applicable here, the Act's ameliorative provisions "shall apply to crimes committed on or after the effective date thereof" (*see* L 2004, ch 738, § 41 [d-1]). That language is sufficient to indicate a legislative intent that the ameliorative provisions of the Act were not to be applied to crimes, like the one to which the defendant

here pleaded guilty, committed prior to the effective date of the Act (*see People v Goode*, 25 AD3d 723 [2006]; *People v Nelson*, 21 AD3d 861, 862 [2005]; *cf. People v Festo*, 96 AD2d 765, 766 [1983], *affd* 60 NY2d 809 [1983]).

To the extent that the defendant contends that his sentence was excessive, his challenge is foreclosed by his waiver of the right to appeal (*see People v Dixon*, 5 AD3d 693, 694 [2004]; *People v Chapman*, 2 AD3d 647 [2003]). Crane, J.P., Rivera, Fisher and Dillon, JJ., concur.