■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TASHA CAMPBELL, Also Known as TASHA CAMBLE, BERNICE KEYS and RAQUEL WALLACE, Appellant. [811 NYS2d 18]—

Judgments of resentence, Supreme Court, Bronx County (John P. Collins, J., at second felony offender adjudication; Rob-

ert L. Cohen, J., at resentence), rendered August 11, 2005, convicting defendant, upon her pleas of guilty, of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree, and criminal sale of a controlled substance in or near school grounds, and sentencing her, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

The court properly resentenced defendant under the law applicable at the time of the crimes. Following a remand from this Court (17 AD3d 235 [2005], *lv denied* 5 NY3d 786 [2005]), defendant was resentenced for crimes she committed prior to the effective date of the Drug Law Reform Act (L 2004, ch 738). Defendant is not entitled, pursuant to the amelioration doctrine of *People v Behlog* (74 NY2d 237 [1989]), to the benefit of the reduced penalty contained in the new law, because the Legislature has expressly stated that the provision upon which defendant relies applies only to crimes committed after its effective date (*People v Nelson*, 21 AD3d 861 [2005]). Accordingly, there is no lawful basis upon which to reduce defendant's mandatory minimum sentence.

Defendant's constitutional challenge to the procedure under which she was adjudicated a second felony offender is without merit (*see Almendarez-Torres v United States*, 523 US 224 [1998]). Concur—Tom, J.P., Mazzarelli, Andrias, Nardelli and Malone, JJ.