■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v AHSAN K. WALKER, Respondent. [810 NYS2d 530]—

Kane, J. Appeal from a judgment of the County Court of Tompkins County (Rowley, J.), rendered July 8, 2005, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

In connection with defendant's sale of cocaine to a confidential informant and separate possession of cocaine on the same date in November 2004, defendant pleaded guilty in June 2005 to one count each of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. In July 2005, after discussions regarding the potential retroactivity of the Drug Law Reform Act of 2004, County Court sentenced defendant, pursuant to that new law, to two concurrent prison terms of three years, followed by two years of postrelease supervision. The District Attorney appeals, contending that the court should have applied the prior sentencing law. We agree.

The Legislature addressed retroactivity of the new sentencing provisions by directing that the new sentencing ranges for class B felony drug offenders under Penal Law § 70.70 "shall take effect on the thirtieth day [January 13, 2005] after [the Act] shall have become a law, and . . . shall apply to crimes committed on or after the effective date thereof" (L 2004, ch 738, § 41 [d-1]; *see People v Pauly*, 21 AD3d 595, 597 n [2005]). While, in the absence of evidence of contrary intent, the general rule is to retroactively apply remedial or ameliorative amendments, explicit legislation setting forth a prospective effective date "is sufficient to overcome any presumption of retroactivity" (*People v Sutton*, 199 AD2d 878, 879 [1993]; *see* Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 60.04, 2006 Pocket Part, at 60-61). The Legislature's language in the Drug Law Reform Act "expresses an intent to negate the amelioration doctrine," thereby permitting the Act to apply only to class B felonies committed after its effective date (*People v Nelson*, 21 AD3d 861, 862 [2005]; *see People v Fields*, 25 AD3d 343 [2006]). Because defendant committed his crimes prior to that effective date, County Court should have sentenced him under the prior sentencing laws.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Tompkins County for resentencing in accordance with this Court's decision; and, as so modified, affirmed.