■  THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v
ANDRE LEE, Respondent. [816 NYS2d 78]—

Appeal by the People from a sentence of the County Court,
Rockland County (Resnik, J.), imposed June 7, 2005, upon the
defendant's conviction of criminal sale of a controlled substance
in the third degree, upon his plea of guilty, the sentence being a
determinate term of imprisonment of one year, to be followed
by a two-year period of postrelease supervision.

Ordered that sentence is reversed, on the law, and the matter
is remitted to the County Court, Rockland County, for further
proceedings consistent herewith.

On March 31, 2005, the defendant entered a plea of guilty to
criminal sale of a controlled substance in the third degree, based
on conduct which occurred on July 13, 2004. In exchange for
the plea, over the People's objection, the defendant was
promised that he would be sentenced under the Drug Law
Reform Act (L 2004, ch 738) (hereinafter the DLRA) to a
determinate term of imprisonment of one year, to be followed
by a two-year period of post-release supervision. The defendant
was sentenced as promised on June 7, 2005, and the People ap-
peal.

The defendant committed the instant crime before the Janu-
ary 13, 2005, effective date of the DLRA. Thus, he was not
entitled to be sentenced under the DLRA, and the bargained-for
sentence imposed upon the defendant's conviction was illegal.
The sentence therefore must be reversed (*see* L 2004, ch 738;
Penal Law § 70.00 [2], [2] [b], [3], [3] [b]; *People v Goode*, 25
AD3d 723 [2006]).

Since the defendant pleaded guilty with the understanding
that he would receive a sentence which was illegal, the matter
is remitted to the County Court, Rockland County, to give the
defendant the option of either withdrawing his plea or receiving
a legal sentence (*see People v Dabbs*, 280 AD2d 611 [2001]; *People
v Ruiz*, 226 AD2d 747, 748 [1996]). Florio, J.P., Santucci, Mastro
and Rivera, JJ., concur.