THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO SAVAGE, Appellant. [816 NYS2d 177]—

Appeals by the defendant from two judgments of the County Court, Rockland County (Kelly, J.), both rendered June 24, 2003, convicting him of criminal possession of a controlled substance in the third degree (two counts) under indictment No. 02-00386, and criminal sale of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the third degree (three counts) under indictment No. 03-00043, upon jury verdicts, and imposing sentences. The appeals bring up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgments are affirmed.

Contrary to the defendant's contention, the People established at the suppression hearing that the police had probable cause to arrest him (*see generally People v Bigelow,* 66 NY2d 417, 423 [1985]; *People v Martinez,* 17 AD3d 606, 606 [2005]). A police officer arrested the defendant based on a radio transmission from a fellow officer involved in this so-called "buy and bust" operation, indicating a "positive buy" and a physical description of the defendant and the vehicle he was driving, coupled with the arresting officer's contemporaneous observations of that vehicle and his personal observations in his pursuit of the defendant. The contents of the radio transmission, coupled with the arresting officer's personal observations, were sufficient to support a finding of probable cause (*see People v Ketcham,* 93 NY2d 416, 419-420 [1999]; *People v Bigelow,* 66 NY2d at 423, *supra; People v Martinez, supra; People v Green,* 13 AD3d 646, 646 [2004]; *People v Clarke,* 13 AD3d 551, 551-552 [2004]; *People v Soviero,* 5 AD3d 404, 404-405 [2004]; *People v Williams,* 281 AD2d 569, 569-570 [2001]; *People v Johnson,* 269 AD2d 406, 407 [2000]).

The defendant's waiver of his right to counsel was unequivocal, and was knowingly, voluntarily, and intelligently made (*see People v Providence,* 2 NY3d 579 [2004]; *People v Campbell,* 25 AD3d 562 [2006], *lv denied* 6 NY3d 832 [2006]; *People v Zuga,* 306 AD2d 505, 506 [2003]; *People v Riddick,* 299 AD2d 562, 563 [2002]; *People v Harris,* 292 AD2d 633, 634 [2002]; *People v Benitez,* 281 AD2d 427, 427 [2001]). The trial court undertook a sufficiently searching inquiry of the defendant to be reasonably certain that the dangers and disadvantages of giving up the fundamental right to counsel were impressed upon him (*see People v Providence, supra; People v Campbell, supra; People v*

*Zuga, supra; People v Riddick, supra; People v Harris, supra; People v Benitez, supra*).

The defendant's contention that he is entitled to resentencing pursuant to the Drug Law Reform Act of 2004 (L 2004, ch 738, hereinafter the DLRA) and subsequent legislation is without merit. "The DLRA sets forth a new sentencing structure for drug offenses (*see* L 2004, ch 738, §§ 20, 36 [adding Penal Law §§ 60.04, 70.70, 70.71]), and provides that the new structure 'shall apply to crimes committed on or after the effective date' of the statute's relevant sections (L 2004, ch 738, § 41 [d-1])" (*People v Goode*, 25 AD3d 723, 723-724 [2006]; *see People v Walker*, 26 AD3d 676 [2006]). "Thus, the DLRA, while ameliorative in nature, expressly states that its sentencing provisions are to have only prospective application" (*People v Goode, supra* at 724; *see People v Walker, supra*). "Although the DLRA and subsequent legislation contain resentencing provisions which, in effect, permit the retroactive application of the new sentencing structure, those provisions apply only to defendants convicted of class A-I felonies (*see* L 2004, ch 738, § 23) or class A-II felonies (*see* L 2005, ch 643)" (*People v Goode, supra* at 724). Thus, the resentencing provisions are inapplicable here as the defendant was convicted of eight class B felonies (*see* Penal Law §§ 220.16, 220.39; *see also People v Goode, supra*), and the changes in the sentencing ranges applicable to class B felonies do not apply to the defendant's crimes where commission, conviction, and sentence all occurred before the effective dates of the relevant legislation (*see* L 2005, ch 643; L 2004, ch 738; *see People v Walker, supra; People v Goode, supra*). Ritter, J.P., Mastro, Lunn and Covello, JJ., concur.