■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM GREEN, Respondent. [821 NYS2d 630]—

Appeal by the People from a sentence of the County Court, Rockland County (Kelly, J.), imposed March 30, 2005, upon the defendant's conviction of criminal possession of a controlled substance in the second degree, upon his plea of guilty, the sentence being a determinate term of imprisonment of four years, to be followed by a five-year period of postrelease supervision.

Ordered that the sentence is reversed, on the law, and the matter is remitted to the County Court, Rockland County, for resentencing in accordance herewith.

On November 4, 2004 the defendant entered a plea of guilty to one count of criminal possession of a controlled substance in the second degree, based on conduct which occurred on May 2, 2004. The defendant was promised an indeterminate sentence of four years to life. On December 14, 2004 the Drug Law

Reform Act of 2004 (L 2004, ch 738 [hereinafter the DLRA]) was signed into law, creating a new sentencing structure for drug offenses. On March 30, 2005, over the People's objection, the County Court sentenced the defendant pursuant to the ameliorative provisions of the DLRA (*see* Penal Law § 70.71 [2] [b] [ii]), reasoning that the defendant was entitled to the benefits of the new legislation (*see People v Behlog*, 74 NY2d 237 [1989]).

As the People correctly assert, the sentence must be reversed. The DLRA took effect on January 13, 2005, which was the 30th day after it was approved by the Governor (L 2004, ch 738, § 41 [d-1]). Moreover, the new sentencing structure of the DLRA was expressly made applicable only "to crimes committed on or after the effective date" of the relevant provisions (*id.*). Since the defendant committed the instant offense before the effective date of the DLRA, the imposition of sentence upon the defendant pursuant to the DLRA was illegal (*see People v Castro*, 28 AD3d 674 [2006]; *People v Lee*, 28 AD3d 495 [2006], *lv denied* 6 NY3d 896 [2006]; *People v McCray*, 27 AD3d 486 [2006]; *People v Walker*, 26 AD3d 676 [2006]; *People v Torres*, 26 AD3d 398 [2006], *lv denied* 6 NY3d 853 [2006]; *People v Nelson*, 21 AD3d 861 [2005]). Accordingly, "the defendant must be resentenced under the law applicable at the time of his offense" (*People v Goode*, 25 AD3d 723, 724 [2006], *lv denied* 6 NY3d 848 [2006]). Florio, J.P., Goldstein, Mastro and Fisher, JJ., concur.