■ W.G. & Associates, LLC, Appellant, v A. Aleem Construction, Inc., Respondent. [821 NYS2d 754]—Order and judgment (one paper), Supreme Court, New York County (Kibbie F. Payne, J.), entered July 11, 2005, which denied petitioner project owner's application to stay an arbitration demanded by respondent contractor, and dismissed the petition, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered November 29, 2005, which denied petitioner's motion to reargue, unanimously dismissed, without costs, as taken from a nonappealable paper.

The condition precedent to arbitration requiring a decision by the project architect on all claims "arising prior to the date final payment is due" is inapplicable, since the claim here was made after final payment became due, i.e., after the architect had approved petitioner's final request for payment. Petitioner's other claims were improperly advanced for the first time either on reargument (*see William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27 [1992], *lv dismissed in part and denied in part* 80 NY2d 1005 [1992]) or on appeal (*cf. Chateau D'If Corp. v City of New York*, 219 AD2d 205, 209 [1996], *lv denied* 88 NY2d 811 [1996]). Concur—Tom, J.P., Saxe, Friedman, Sullivan and McGuire, JJ.

■ The People of the State of New York, Respondent, v Hector Feliciano, Appellant. [821 NYS2d 754]—Judgment, Supreme Court, Bronx County (Caesar D. Cirigliano, J., at plea; John P. Collins, J., at sentence), rendered May 12, 2005, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Defendant is not entitled, pursuant to the amelioration doctrine of *People v Behlog* (74 NY2d 237 [1989]), to the benefit of the reduced penalty contained in the Drug Law Reform Act (L 2004, ch 738), because the Legislature has expressly stated that the provision upon which defendant relies applies only to crimes committed after its effective date (*see People v Nelson*, 21 AD3d 861 [2005], *lv granted* 6 NY3d 757 [2005]). Although defendant was sentenced after the effective date of the legislation, he committed the instant crime before that date. Concur—Tom, J.P., Saxe, Friedman, Sullivan and McGuire, JJ.