■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN EVANS, Appellant. [832 NYS2d 229]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered April 5, 2005, convicting him of criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the seventh degree, and unlawful possession of marihuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Kohm, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the People established at the suppression hearing that the police had probable cause to arrest him (*see People v Alvarez*, 100 NY2d 549 [2003]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a controlled substance in the fourth degree beyond a reasonable doubt since, among other things, the weight of the crack cocaine recovered was more than one eighth of an ounce (*see* Penal Law § 220.09 [1]). Moreover, the Supreme Court properly denied the defendant's request for a jury instruc-

tion as to criminal possession of a controlled substance in the fifth degree (*see* Penal Law § 220.06 [5]) as a lesser-included offense of criminal possession of a controlled substance in the fourth degree because there was no reasonable view of the evidence to support a finding that the weight of the crack cocaine recovered was less than one eighth of an ounce (*see People v Van Norstrand*, 85 NY2d 131, 135 [1995]; *People v Walker*, 300 AD2d 417 [2002]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

As the defendant's crime was committed on September 13, 2003 he was not entitled to be sentenced under the Drug Law Reform Act (L 2004, ch 738, § 41 [d-1]; *see People v Utsey*, 7 NY3d 398 [2006]; *People v Savage*, 29 AD3d 1022, 1024 [2006]; *People v Goode*, 25 AD3d 723 [2006]). Schmidt, J.P., Krausman, Covello and Balkin, JJ., concur.