■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v NOEL RODRIGUEZ, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ARNELL JONES, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RASHAD DUNKLEY, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANGEL AVILES, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KEVIN ANDERSON, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LUIS ESTELA,

Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSE CRUZ, Respondent. [838 NYS2d 441]—

Judgment, Supreme Court, New York County (James A. Yates, J.), rendered February 10, 2005, convicting Noel Rodriguez, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ years, unanimously reversed, on the law, and the matter remanded so that defendant may, if he wishes, withdraw his plea, or otherwise be resentenced.

Judgment, Supreme Court, New York County (John Cataldo, J.), rendered March 29, 2005, convicting Arnell Jones, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of two years, unanimously reversed, on the law, and the matter remanded for resentencing.

Judgment, Supreme Court, New York County (John Cataldo, J.), rendered July 13, 2005, convicting Rashad Dunkley, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him to concurrent terms of one year, unanimously reversed, on the law, and the matter remanded for resentencing.

Judgment, Supreme Court, New York County (Charles J. Tejada, J.), rendered May 5, 2005, convicting Angel Aviles, after a jury trial, of criminal sale and possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 3½ years, unanimously reversed, on the law, and the matter remanded for resentencing.

Judgment, Supreme Court, New York County (John Cataldo, J.), rendered June 15, 2005, convicting Kevin Anderson, upon his plea of guilty, of criminal sale of a controlled substance in the fourth degree, and sentencing him, as a second felony offender, to a term of three years, unanimously reversed, on the law, and the matter remanded for resentencing.

Judgments, Supreme Court, New York County (William A. Wetzel, J.), rendered April 11, 2005, convicting Luis Estela, upon his pleas of guilty, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of 3½ years, unanimously reversed, on the law, and the matter remanded so that defendant may, if he wishes, withdraw his pleas, or otherwise be resentenced.

Judgment, Supreme Court, New York County (Charles J. Tejada, J.), rendered May 25, 2005, convicting Jose Cruz, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 3½ years, unanimously reversed, on the law, and the matter remanded for resentencing.

Each defendant committed one or more drug-related crimes before January 13, 2005 but was sentenced pursuant to the Drug Law Reform Act. As each defendant concedes, the sentencing provisions of that law do not apply to crimes committed before January 13, 2005 (*People v Utsey*, 7 NY3d 398 [2006]).

It was an express condition of Rodriguez's plea that if his sentence were found to be illegal, he would be permitted to withdraw the plea. As for Estela, he contends that he should be given the option of withdrawing his pleas (*see e.g. People v DeCastro*, 27 AD3d 762 [2006], *lv denied* 7 NY3d 787 [2006]), and the People have not opposed this argument. Concur—Tom, J.P., Andrias, Nardelli, Williams and Buckley, JJ.