Appeal by the defendant from an order of the County Court, Rockland County (Kelly, J.), dated April 12, 2005, which denied his motion for resentencing pursuant to the Drug Law Reform Act of 2004 (L 2004, ch 738) on his conviction of criminal sale of *497 a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the third degree (three counts), which sentence was originally imposed, upon a jury verdict, on October 22, 1999.
Ordered that the order is affirmed.
The defendant was convicted of three counts of criminal sale of a controlled substance in the third degree and three counts of criminal possession of a controlled substance in the third degree, all class B felonies, for acts committed in 1998 and 1999, and he was sentenced in 1999. Contrary to the defendant’s contention, he is not entitled to be resentenced in accordance with the Drug Law Reform Act of 2004 (L 2004, ch 738) (hereinafter the 2004 DLRA) pursuant to the amelioration doctrine (see People v Behlog, 74 NY2d 237, 240 [1989]) because the Legislature manifested a specific intent that the ameliorative sentencing provisions contained in the 2004 DLRA were only to be applied prospectively and, in any event, the doctrine does not apply to those sentenced before the effective date of an ameliorative enactment (see People v Utsey, 7 NY3d 398, 403-404 [2006]). Although the 2004 DLRA and subsequent legislation contain provisions authorizing certain qualified inmates to apply for resentencing in accordance with the terms of the legislation, those provisions only apply to defendants convicted of class A-I. or class A-II felonies (see L 2004, ch 738, § 23; see also L 2005, ch 643, § 1; People v Savage, 29 AD3d 1022 [2006]). Lifson, J.P., Santucci, Balkin and Belen, JJ., concur.