■ In the Matter of CHRISTOPHER F., a Person Alleged to be a Juvenile Delinquent, Appellant. [6 NYS3d 137]—

Appeals from an order of fact-finding of the Family Court, Kings County (Emily M. Olshansky, J.), dated March 27, 2014, and an order of disposition of that court (Jacqueline D. Williams, J.), dated June 9, 2014. The order of fact-finding, insofar as appealed from, denied Christopher F.'s motion to dismiss the petition or, in the alternative, to strike certain testimony, and, after a hearing, found that he had committed acts which,

if committed by an adult, would have constituted, inter alia, the crime of criminal possession of a weapon in the second degree. The order of disposition, insofar as appealed from, upon the order of fact-finding, after a dispositional hearing, adjudicated Christopher F. to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for placement in a limited secure facility for an indeterminate period of 6 to 18 months, with credit for only two months of pre-disposition detention.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the appellant's contention, the Family Court properly denied his motion to dismiss the juvenile delinquency petition or, in the alternative, to strike the testimony of a particular witness. In support of his motion, the appellant failed to establish that the presentment agency violated his rights under *Brady v Maryland* (373 US 83 [1963]) (*see Matter of Demetrius B.*, 54 AD3d 332, 333 [2008]; *People v Delvecchio*, 187 AD2d 726, 726 [1992]).

The Family Court properly determined that giving the appellant credit for the entire time that he spent in detention pending disposition would not serve his needs and best interests or the need for the protection of the community (*see* Family Ct Act § 353.3 [5]; *Matter of Anthony C.*, 111 AD3d 621, 621 [2013]; *Matter of Kenyetta F.*, 49 AD3d 540, 541 [2008]). Under the circumstances of this case, the court properly determined that the appellant should only receive a credit of two months for the time that he served in detention prior to disposition. Mastro, J.P., Rivera, Dickerson and Maltese, JJ., concur.