■ The People of the State of New York, Respondent, v Daniel Quinones, Appellant. [801 NYS2d 595]—

Judgment of resentence, Supreme Court, New York County (Bruce Allen, J.), rendered April 29, 2005, resentencing defendant, upon his conviction after a jury trial of criminal possession of a controlled substance in the first degree, as a second felony offender, to a term of 12 years, unanimously affirmed.

At the time of defendant's trial, the weight requirement for first-degree drug possession was four ounces. Under pertinent sections of the Drug Law Reform Act (L 2004, ch 738, §§ 21-22), the applicable weight requirement for first-degree possession has been raised to eight ounces, and possession of four ounces has been reduced to the class A-II felony of second-degree possession. Separate from these changes in weight requirements, the new statutory scheme also permits persons sentenced to life terms under the old law to apply for resentencing to determinate terms. Defendant successfully applied for a reduced sentence

pursuant to section 23 of the act, and received the minimum permissible sentence for a second felony offender convicted of an A-I drug felony. He now argues that the resentencing placed him in the posture of a person being newly sentenced, and that his conviction should therefore be reduced to second-degree possession under the amelioration doctrine of *People v Behlog* (74 NY2d 237 [1989]) because he was only convicted of possessing four ounces of cocaine. We note that the resentencing court denied defendant's CPL article 440 motion raising this same issue, and this Court denied leave to appeal. In any event, we find this argument to be without merit.

The Legislature could not possibly have intended that a convicted A-I felon who successfully applied for resentencing under section 23 would also receive a second benefit, that is, reduction of the conviction on the basis of the new weight requirements, accompanied by possible eligibility for yet another sentence reduction. On the contrary, section 23 expressly states that the resentencing court may not "entertain any matter challenging the underlying basis of the subject conviction."

Moreover, resentencing does not place a defendant, for all purposes, in the position of a person being sentenced for the first time. For example, under CPL 450.30 (3), an appeal from a resentence does not bring up for review the underlying judgment. Thus, even when an ameliorative change enacted between a defendant's crime and sentencing is applied retroactively under *Behlog*, this should not apply where a defendant's initial sentence preceded the enactment. "[The amelioration] doctrine does not require reconsideration of final judgments under statutes that are later amended" (*People v Walker*, 81 NY2d 661, 667 [1993]).

Defendant's argument that he is entitled to reduction of his conviction to second-degree possession under *Apprendi v New Jersey* (530 US 466 [2000]) is similarly meritless. Defendant was convicted upon a jury finding that he possessed four ounces of cocaine, all that the law required at the time of his trial.

Defendant's constitutional challenge to the procedure under which he was adjudicated a second felony offender is also without merit (*see Almendarez-Torres v United States*, 523 US 224 [1998]). Concur—Saxe, J.P., Marlow, Williams, Sweeny and Catterson, JJ.