■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TYE DICKERSON, Respondent. [813 NYS2d 544]—

Appeal by the People from a sentence of the County Court, Rockland County (Resnik, J.), imposed March 15, 2005, upon the defendant's conviction of criminal sale of a controlled substance in the third degree, upon his plea of guilty, the sentence being a determinate term of one year imprisonment, to be followed by a two-year period of postrelease supervision.

Ordered that the sentence is reversed, on the law, and the matter is remitted to the County Court, Rockland County, for resentencing in accordance herewith.

On February 1, 2005 the defendant entered a plea of guilty to one count of criminal sale of a controlled substance in the third degree, based upon conduct which occurred on August 30, 2004. On March 15, 2005 the County Court sentenced the defendant, pursuant to the provisions of the Drug Law Reform Act (L 2004, ch 738) (hereinafter DLRA), which, as relevant here, became effective on January 13, 2005, to a determinate term of imprisonment of one year, to be followed by a two-year period of postrelease supervision. The People appeal, contending that the defendant should have been sentenced, pursuant to pre-DLRA law, to an indeterminate prison term.

The DLRA established a new sentencing structure for drug offenses (see L 2004, ch 738, §§ 20, 36 [adding Penal Law §§ 60.04, 70.70, 70.71]), and provides that the new structure "shall apply to crimes committed on or after the effective date" of the statute's relevant sections (L 2004, ch 738, § 41 [d-1]). Thus, the DLRA, while ameliorative in nature, expressly states that its sentencing provisions are to have only prospective application (see People v Torres, 26 AD3d 398 [2006]; People v Goode, 25 AD3d 723 [2006]; People v Nelson, 21 AD3d 861 [2005]; see also People v Festo, 96 AD2d 765 [1983], affd 60 NY2d 809 [1983]; cf. People v Behlog, 74 NY2d 237 [1989]). Although the DLRA and subsequent legislation contain resentencing provisions which, in effect, permit the retroactive application of the new sentencing structure, those provisions apply only to defendants convicted of class A-I felonies (see L 2004, ch 738, § 23) or class A-II felonies (see L 2005, ch 643).

The relevant provisions of the DLRA became effective on January 13, 2005, which was "the thirtieth day after" December 14, 2004, when the legislation was approved by the Governor (L 2004, ch 738, § 41 [d-1]). Since the defendant's crime was committed before the effective date of the new sentencing provisions, the sentence imposed upon the defendant pursuant to the DLRA was invalid as a matter of law, and the defendant must be resentenced under the law applicable at the time of his offense. Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.