■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RONALD MANN, Respondent. [813 NYS2d 545]—

Appeal by the People from a sentence of the County Court, Rockland County (Resnik, J.), imposed March 23, 2005, upon the defendant's conviction of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon his plea of guilty, and upon his adjudication as a second felony offender, the sentence being concurrent determinate terms of imprisonment of 4¹/₂ years on each conviction, to run concurrently with a

sentence previously imposed upon the defendant for a violation of probation.

Ordered that the sentence is reversed, on the law, and the matter is remitted to the County Court, Rockland County, for resentencing in accordance herewith.

On March 22, 2005 the defendant entered a plea of guilty to one count of criminal sale of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the third degree, based on conduct which occurred on May 6, 2004. On March 23, 2005 the County Court sentenced the defendant, as a second felony offender, pursuant to the provisions of the Drug Law Reform Act (L 2004, ch 738) (hereinafter DLRA), which, as relevant here, became effective on January 13, 2005, to determinate terms of imprisonment of $4^{1}/_{2}$ years on each conviction, to be served concurrently with each other, and concurrently with a sentence previously imposed upon the defendant for a violation of probation. The People appeal, contending that the defendant should have been sentenced, pursuant to pre-DLRA law, to an indeterminate prison term upon his conviction of the instant offenses.

The DLRA established a new sentencing structure for drug offenses (see L 2004, ch 738, §§ 20, 36 [adding Penal Law §§ 60.04, 70.70, 70.71]), and provides that the new structure "shall apply to crimes committed on or after the effective date" of the statute's relevant sections (see L 2004, ch 738, § 41 [d-1]). Thus, the DLRA, while ameliorative in nature, expressly states that its sentencing provisions are to have only prospective application (see People v Torres, 26 AD3d 398 [2006]; People v Goode, 25 AD3d 723 [2006]; People v Nelson, 21 AD3d 861 [2005]; see also People v Festo, 96 AD2d 765 [1983], affd 60 NY2d 809 [1983]; cf. People v Behlog, 74 NY2d 237 [1989]). Although the DLRA and subsequent legislation contain resentencing provisions which, in effect, permit the retroactive application of the new sentencing structure, those provisions apply only to defendants convicted of class A-I felonies (see L 2004, ch 738, § 23) or class A-II felonies (see L 2005, ch 643).

The relevant provisions of the DLRA became effective on January 13, 2005, which was "the thirtieth day after" December 14, 2004, when the legislation was approved by the Governor (L 2004, ch 738, § 41 [d-1]). Since the defendant's crimes were committed before the effective date of the new sentencing provisions, the sentence imposed upon the defendant pursuant to the DLRA was invalid as a matter of law, and the defendant must be resentenced under the law applicable at the time of his offenses. Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.