■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO DELOSSANTOS, Appellant. [818 NYS2d 264]—

Appeal by the defendant, as limited by his brief, from a sentence of the County Court, Rockland County (Kelly, J.), imposed January 30, 2003, upon his conviction of criminal possession of a controlled substance in the second degree, upon his plea of guilty, the sentence being an indeterminate term of seven years to life imprisonment.

Ordered that the sentence is affirmed.

The defendant, who was convicted, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, a class A-II felony, seeks resentencing under the provisions of the Drug Law Reform Act (L 2004, ch 738; hereinafter the DLRA). With exceptions not pertinent here, the DLRA itself does not permit retroactive application of its provisions to persons who committed crimes prior to its effective date of January 13, 2005 (*see People v Dickerson,* 28 AD3d 787 [2006]; *People v Mann,* 28 AD3d 791 [2006]). The defendant took and perfected this appeal prior to the October 29, 2005, effective date of a post-DLRA statute—L 2005, ch 643. The latter statute, in effect, permits the retroactive application of the new sentencing structure of the DLRA to defendants convicted of class A-II felonies (*see People v Dickerson, supra; People v Mann, supra*). However, the defendant must follow the procedure of L 2005, ch 643, which requires, inter alia, that he apply, on notice to the District Attorney, for resentencing in the court which imposed the original sentence. That court must then make a determination of that application, according to the procedures detailed in L 2005, ch 643, subject to appellate review according to the terms of the new statute. Miller, J.P., Adams, Goldstein and Covello, JJ., concur.