[855 NE2d 791, 822 NYS2d 475]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS UTSEY, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL NELSON, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY SMITH, Appellant.

Argued September 7, 2006; decided September 21, 2006

**POINTS OF COUNSEL**

*Office of the Appellate Defender,* New York City (*Margaret E. Knight* and *Richard M. Greenberg* of counsel), for appellant in the first above-entitled action. Where Thomas Utsey's judgment of conviction is still pending on direct appeal, and therefore not yet final, Mr. Utsey is entitled to the benefit of the ameliorative statutory changes of the Drug Law Reform Act of 2004. (*People v Behlog,* 74 NY2d 237; *People v Oliver,* 1 NY2d 152; *People v Walker,* 81 NY2d 661; *People v Denton,* 7 Misc 3d 373; *People v Basir,* 141 AD2d 745; *People v Pepples,* 32 AD2d 1041, 27 NY2d 785; *People v Festo,* 96 AD2d 765, 60 NY2d 809; *Beard v Banks,* 542 US 406; *Ross v Artuz,* 150 F3d 97; *Torres v Irvin,* 33 F Supp 2d 257.)

*Robert T. Johnson, District Attorney,* Bronx (*Alexis Pimentel, Joseph N. Ferdenzi* and *Stanley R. Kaplan* of counsel), for respondent in the first above-entitled action. Defendant is not entitled to a reduction under the Drug Law Reform Act of 2004. (*People v Oliver,* 1 NY2d 152; *People v Walker,* 81 NY2d 661; *Cahen v Boyland,* 1 NY2d 8; *Gillespie v Zittlosen,* 60 NY 449; *People v Stevens,* 91 NY2d 270; *People v Nelson,* 21 AD3d 861, 6 NY3d 757; *People v Smith,* 23 AD3d 280, 6 NY3d 759; *People v Goode,* 25 AD3d 723, 6 NY3d 848; *People v Walker,* 26 AD3d 676; *People v Denton,* 7 Misc 3d 373.)

*Center for Appellate Litigation,* New York City (*Claudia S. Trupp* and *Robert S. Dean* of counsel), for appellant in the second and third above-entitled actions. Appellant, who was sentenced after the effective date of the Drug Law Reform Act of 2004, is entitled to the benefit of the ameliorative sentencing provisions contained therein, even though he committed his crime before its effective date, where the purpose behind the reform legislation was to correct the unjustifiable harshness of New York State's sentencing laws as they applied to nonviolent drug offenders such as appellant. (*People v Singletary,* 7 Misc 3d 1004[A], 2005 NY Slip Op 50441[U]; *People v Walker,* 81 NY2d 661; *People v Oliver,* 1 NY2d 152; *People v Behlog,* 74 NY2d 237; *People v Hayes,* 140 NY 484; *People v Roper,* 259 NY 170; *People v Denton,* 7 Misc 3d 373; *People v Martinez,* 7 Misc 3d 1022[A], 2005 NY Slip Op 50699[U]; *People v Armond,* 7 Misc 3d 1014[A], 2005 NY Slip Op 50592[U]; *People v Murray,* 7 Misc 3d 636.)

*Robert M. Morgenthau, District Attorney,* New York City (*Christopher P. Marinelli* and *Mark Dwyer* of counsel), for respondent in the second and third above-entitled actions. The

2004 amendments to the drug sentencing laws were not applicable to defendant's case. (*People v Oliver,* 1 NY2d 152; *People v Behlog,* 74 NY2d 237; *People v Walker,* 81 NY2d 661; *People v Weinberg,* 83 NY2d 262; *People v Goode,* 25 AD3d 723; *People v Sutton,* 199 AD2d 878; *Matter of Deutsch v Catherwood,* 31 NY2d 487; *Matter of Mulligan v Murphy,* 14 NY2d 223; *Cahen v Boyland,* 1 NY2d 8; *People v Stevens,* 91 NY2d 270.)

## OPINION OF THE COURT

Chief Judge KAYE.

In these three appeals, we are asked to determine whether the Legislature intended to give retroactive effect to the ameliorative sentencing provisions of the Drug Law Reform Act of 2004. We conclude that it did not.

Among its many provisions, the Drug Law Reform Act (DLRA) (L 2004, ch 738) replaced the indeterminate sentencing scheme of the Rockefeller Drug Laws with a determinate system, and reduced mandatory minimum prison sentences for nonviolent felony drug offenders. Defendants, each convicted of a drug felony, seek to benefit from these reductions.

We note at the outset that these cases come to us in distinct procedural postures. Although all three defendants committed their crimes prior to the enactment of the DLRA, defendants Nelson and Smith had not yet been sentenced when the legislation was passed and came into effect. Defendant Utsey, by contrast, had already been sentenced under the old laws by the time the Legislature adopted the DLRA.[1] Further, the sentencing courts below took differing views of the issue now posed. The court in *Nelson* held that the new statute did not apply to the defendant's case,[2] whereas the court in *Smith* granted the defendant's application to be sentenced in accordance with the

---

**1.** Upon his guilty plea to the class B felony of criminal sale of a controlled substance in the third degree, Utsey was sentenced as a second felony offender to the mandatory minimum prison term of 4½ to 9 years. Under the DLRA, however, his minimum possible sentence would have been a determinate term of 3½ years, plus postrelease supervision (*see* L 2004, ch 738, § 36, adding Penal Law § 70.70 [3] [b] [i]).

**2.** Having pleaded guilty to the class D felony of criminal sale of a controlled substance in the fifth degree, Nelson was therefore sentenced, as a second felony offender, to the mandatory minimum term of 2 to 4 years' imprisonment. Under the DLRA, he would have been eligible for a minimum determinate term of 1½ years, plus postrelease supervision (*see* L 2004, ch 738, § 36, adding Penal Law § 70.70 [3] [b] [iii]).

DLRA's reduced penalties.[3] Reversing in *Smith* and affirming in the others, the Appellate Division determined that none of these defendants was eligible to be sentenced under the DLRA. We agree.

The question is solely one of legislative intent. Under the "amelioration doctrine," a statutory amendment reducing the punishment for a particular crime is generally to be applied to all cases decided after the effective date of the enactment—even though the underlying act may have been committed before that date—*except* when the Legislature, in enacting the amendment, has expressed a contrary intent (*see People v Behlog*, 74 NY2d 237, 240 [1989]; *People v Oliver*, 1 NY2d 152, 159-160 [1956]).

The general rationale for the amelioration doctrine "is that by mitigating the punishment the Legislature is necessarily presumed—absent some evidence to the contrary—to have determined that the lesser penalty sufficiently serves the legitimate demands of the criminal law. Imposing the harsher penalty in such circumstances would serve no valid penological purpose" (*Behlog*, 74 NY2d at 240 [citations omitted]). However, when the Legislature manifests a specific intent that an ameliorative amendment *not* be retroactively applied to underlying acts committed before the amendment's effective date, then the usual presumption—that the Legislature must have intended that the harsher penalty should no longer be applied to anyone—will have been rebutted, and the legislative will that the amendment apply only prospectively must be given effect.

*People v Festo* (60 NY2d 809 [1983], *affg* 96 AD2d 765 [1st Dept 1983]) involved an amendment reducing the unlawful sale of one or more (but less than two) ounces of a narcotic drug from criminal sale of a controlled substance in the first degree to criminal sale in the second degree (*see* L 1979, ch 410, § 21, amdg Penal Law § 220.43 [1]). In *Festo*, we determined that the Legislature's statements that "the provisions of this act do not apply to or govern the construction of and punishment for any offense committed prior to the effective date of this act," and that "[s]uch an offense must be construed and punished accord-

---

**3.** Convicted by a jury of the class B felony of criminal sale of a controlled substance in the third degree, Smith, if sentenced under the old law, faced, as a second felony offender, a mandatory minimum term of imprisonment of 4½ to 9 years. The sentencing court, however, imposed a determinate term of 3½ years, plus postrelease supervision—the statutory minimum under the DLRA (*see* L 2004, ch 738, § 36, adding Penal Law § 70.70 [3] [b] [i]).

ing to the provisions of law existing at the time of the commission thereof in the same manner as if this act had not been enacted" (L 1979, ch 410, § 29), specifically prohibited the retroactive application of the act's ameliorative provisions.[4]

■ Similarly, in enacting the DLRA, the Legislature specified that its reduced sentencing provisions "shall take effect on the thirtieth day after it shall have become a law, and such provisions . . . shall apply to crimes committed on or after the effective date thereof" (L 2004, ch 738, § 41 [d-1]).[5] In so providing, the Legislature manifested a clear intent to negate the amelioration doctrine with respect to these provisions.[6]

The Legislature's intent that the DLRA's reduced sentencing provisions be applied prospectively only is further evidenced by the inclusion in the act of other ameliorative provisions designed to afford distinct sentencing relief to defendants who committed their crimes prior to its effective date. Thus, the Legislature provided that felony drug offenders sentenced under the old law may now be eligible to earn an additional one-sixth merit time reduction (see L 2004, ch 738, § 30; Correction Law § 803 [1] [d]), and to obtain early termination of parole (see L 2004, ch 738, §§ 37, 38, amdg Executive Law § 259-j).

That the DLRA delayed the effective date of its new sentencing provisions until 30 days after the law was signed is additional evidence that the provisions were meant to apply prospectively. "The postponement of the effective date of each amendment furnishes critical and clear indicia of intent. If the amendments were to have retroactive effect, there would have

---

4. Technically, the amelioration doctrine "does not involve 'retroactivity' in the classic sense" of the application of a new rule of law to final cases or cases on direct appellate review, but rather "only involves application of the new law to prosecutions before sentence" (Behlog, 74 NY2d at 239 n 1 [citations omitted]). Nevertheless, the case law generally uses the terms "retroactively" and "retroactive" (see id.).

5. The act was signed into law on December 14, 2004. Thus, the effective date of the new sentencing provisions was January 13, 2005.

6. By specific contrast, the Legislature expressly provided that one particular section of the DLRA (see L 2004, ch 738, § 20, adding Penal Law § 60.04 [6])—authorizing sentencing courts to direct the enrollment of certain felony drug offenders in the comprehensive alcohol and substance abuse treatment program—is intended to apply even to crimes committed before the new law's effective date. Thus, the act's reduced sentencing "provisions, with the exception of subdivision 6 of section 60.04 of the penal law as added by section twenty of this act, shall apply to crimes committed on or after the effective date thereof" (L 2004, ch 738, § 41 [d-1] [emphasis added]).

been no need for any postponement" (*Matter of Deutsch v Catherwood*, 31 NY2d 487, 489 [1973]).

■ Defendant Utsey's claim must be rejected for yet another reason. He not only had committed his crime before enactment of the DLRA, but also—unlike defendants Nelson and Smith—had already been sentenced before its effective date. An ameliorative amendment generally "cannot be applied in favor of an offender tried and sentenced to imprisonment before its enactment. This inevitably follows from the settled rule that, once final judgment has been pronounced, a change in the law does not arrest or interfere with execution of the sentence" (*Oliver*, 1 NY2d at 163 [internal quotation marks and citations omitted]; *accord People v Walker*, 81 NY2d 661, 667 [1993]). Utsey was properly sentenced in accordance with the law applicable at the time of entry of his final judgment of conviction.

Despite these settled principles, defendants nevertheless argue, in effect, that the Legislature *should* have made the DLRA retroactive, and that under a fairer sentencing scheme they would have received lesser sentences. But whether the Legislature might or should have enacted broader reform is irrelevant to the only question before us—whether defendants were meant to be included within the more limited reform the Legislature did enact. Under the plain language of the statute, the relevant provisions of the DLRA are intended to apply only to crimes committed after its effective date. That being so, defendants are not eligible for the reduced penalties contained in the new law.

Accordingly, in each case, the order of the Appellate Division should be affirmed.

Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

In each case: Order affirmed.