■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALLAND ZAMOR, Respondent. [822 NYS2d 606]—

Appeal by the People from a sentence of the County Court, Rockland County (Resnik, J.), imposed March 22, 2005, upon the defendant's conviction of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and upon his adjudication as a second felony offender, the sentence being a determinate term of four years' imprisonment, to be followed by a two-year period of post-release supervision.

Ordered that the sentence is reversed, on the law, and the matter is remitted to the County Court, Rockland County, for resentencing in accordance herewith.

On January 5, 2005 the defendant entered a plea of guilty to criminal possession of a controlled substance in the third degree, based upon conduct which occurred on August 25, 2004. In exchange for the defendant's plea of guilty, it was agreed that the defendant would receive an indeterminate sentence of $4^{1}/_{2}$ to 9 years' imprisonment. On March 22, 2005 the County Court sentenced the defendant pursuant to the provisions of the Drug Law Reform Act (L 2004, ch 738; hereinafter the DLRA), as a second felony offender, to a determinate term of four years' imprisonment, to be followed by a two-year period of post-release supervision.

The DLRA established a new sentencing structure for drug offenses. In particular, it added to the Penal Law §§ 60.04, 70.70, and 70.71, which set forth the authorized sentences for persons convicted of offenses defined in Penal Law § 220.00 as controlled substances offenses or offenses involving marijuana. As is relevant here, the new DLRA provisions were to become effective on January 13, 2005, and were applicable to crimes committed on or after that date (L 2004, ch 738, § 41 [d-1]).

The defendant was sentenced on March 22, 2005 for an offense that he committed on August 25, 2004. The DLRA, while ameliorative in nature, expressly stated that the new sentencing structure "shall apply to crimes committed on or after the effective date" of the relevant sections of the statute, the effective date being January 13, 2005 (L 2004, ch 738, § 41 [d-1]). Thus, the DLRA's sentencing provisions are to have prospective application (see People v Utsey, 7 NY3d 398 [2006]). The exceptions for defendants convicted of class A-I (L 2004, ch 738, § 23) and A-II (L 2005, ch 643) felonies are not relevant here (see People v Aviles, 29 AD3d 813 [2006]; People v Mann, 28 AD3d 791, 792 [2006], lv denied 7 NY3d 759 [2006]; People v DeCastro, 27 AD3d 762 [2006]; People v Goode, 25 AD3d 723 [2006]).

As the defendant's crime was committed prior to the effective date of the DLRA sentencing provisions, the sentence imposed pursuant to the DLRA was invalid as a matter of law, and the defendant must be resentenced pursuant to the law applicable at the time he committed the offense for which he was convicted (see People v Castro, 28 AD3d 674 [2006], lv denied 7 NY3d 786 [2006]). Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.