■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v INGRID CARTER LOVITT, Appellant. [823 NYS2d 116]—Judgment, Supreme Court, New York County (Renee A. White, J.), rendered on or about March 22, 2005, unanimously affirmed. No opinion. Order filed. Concur—Mazzarelli, J.P., Saxe, Marlow, Sullivan and Williams, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVIER ARROYO, Appellant. [823 NYS2d 61]—

Judgment, Supreme Court, Bronx County (Thomas Farber, J.), rendered February 10, 2005, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 10 to 20 years, unanimously affirmed.

The court's carefully limited *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]). The court properly permitted the People to elicit defendant's federal racketeering conviction, along with certain aspects of its underlying facts, because the probative worth of these matters on the issue of defendant's credibility outweighed the risk of prejudice.

We perceive no basis for reducing the sentence. Defendant is not entitled to the benefit of the reduced penalty contained in the Drug Law Reform Act (L 2004, ch 738), because the Legislature has expressly stated that the provision upon which defendant relies applies only to crimes committed after its effective date (*People v Utsey*, 7 NY3d 398 [2006]). Concur—Mazzarelli, J.P., Saxe, Marlow, Sullivan and Williams, JJ.