■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHARONE MINES, Appellant. [830 NYS2d 524]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Kron, J.), imposed December 16, 2003, on the ground that the sentence is excessive.

Ordered that the sentence is affirmed. No opinion. Prudenti, P.J., Miller, Crane, Florio and Fisher, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY PERTILLAR, Appellant. [831 NYS2d 212]—Appeal by the defendant from a judgment of the County Court, Orange County (Rosenwasser, J.), rendered November 25, 2002, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

In compliance with this Court's order dated June 20, 2006, defense counsel submitted a brief addressing the issues of whether the negotiated plea agreement was valid, whether the defendant should have been sentenced under the Drug Law Reform Act of 2004 (L 2004, ch 738; hereinafter DLRA), whether there was a violation of CPL 380.50 (1), and whether the sentence imposed was excessive.

The defendant's plea was knowing, voluntary and intelligent (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Harris*, 61 NY2d 9, 17 [1983]). The defendant was not entitled to be sentenced under the DLRA as his crime was committed prior to the effective date of that statute (*see* L 2004, ch 738; *People v Utsey*, 7 NY3d 398, 403 [2006]; *People v Forte*, 35 AD3d 879 [2006]; *People v Zamor*, 33 AD3d 827, 828 [2006]; *People v Delossantos*, 31 AD3d 575 [2006]). The defendant's waiver of his right to appeal precludes review of whether the sentence imposed was excessive (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]). The issue of whether the defendant was denied his right to speak at sentencing in violation of CPL 380.50 (1) was not preserved for appellate review (*see People v Green*, 54 NY2d 878, 880 [1981]), and we decline to reach that issue in the exercise of our interest of justice jurisdiction. Crane, J.P., Santucci, Dillon and Balkin, JJ., concur.