■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WARREN FAISON, Respondent. [839 NYS2d 119]—

Appeal by the People, as limited by their brief, from so much of a sentence of the Supreme Court, Kings County (Gerges, J.), imposed January 27, 2005, as was imposed upon the defendant's conviction of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and upon his adjudication as a second felony offender, that sentence being a determinate term of eight years' imprisonment, to be followed by a five-year period of postrelease supervision.

Ordered that the sentence is reversed insofar as appealed from, on the law, and the matter is remitted to the Supreme Court, Kings County (Gerges, J.), for resentencing on the conviction of criminal sale of a controlled substance in the second degree in accordance herewith.

On January 5, 2005 the defendant, inter alia, pleaded guilty to criminal sale of a controlled substance in the second degree, a class A-II felony, based upon conduct which occurred on January 16, 2003. On January 27, 2005 the Supreme Court, among other things, sentenced the defendant pursuant to the provisions of the Drug Law Reform Act (L 2004, ch 738; hereinafter the DLRA), to a determinate term of eight years' imprisonment, to be followed by a five-year period of postrelease supervision.

The DLRA, while ameliorative in nature, expressly states that its sentencing provisions are to have only prospective application (*see People v Dickerson*, 28 AD3d 787, 788 [2006]; *People v Goode*, 25 AD3d 723, 724 [2006]). The relevant provisions of the DLRA became effective on January 13, 2005 (*see People v Utsey*, 7 NY3d 398, 403 [2006]; *People v Dickerson, supra*). Here, since the defendant's crime was committed before the effective date of the new sentencing provisions, the sentence imposed upon the defendant pursuant to the DLRA was invalid as a matter of law, and the defendant must be resentenced under the law applicable at the time of his offense.

Although a post-DLRA statute, L 2005, ch 643, in effect, permits the retroactive application of the new sentencing structure of the DLRA to defendants convicted of class A-II felonies (*see People v Delossantos*, 31 AD3d 575 [2006]), that provision applies only to those persons who were first sentenced to an indeterminate term of imprisonment pursuant to the law in effect prior to the effective date of the provision (*see* L 2005, ch 643). After the defendant is sentenced under the prior law, he may, upon notice to the District Attorney, apply to be resentenced in the court which imposed the original sentence (*see* L 2005, ch 643; *People v Delossantos, supra*). Miller, J.P., Mastro, Dillon and McCarthy, JJ., concur. [*See* 7 Misc 3d 373 (2005).]