■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RUDOLPH JAVARIS, Respondent. [839 NYS2d 118]—

Appeal by the People, as limited by their brief, from so much of a sentence of the Supreme Court, Kings County (Gerges, J.), imposed January 27, 2005, as was imposed upon the defendant's conviction of criminal sale of a controlled substance in the third degree, upon his plea of guilty, that sentence being a determinate term of six years' imprisonment, to be followed by a two-year period of postrelease supervision.

Ordered that the sentence is reversed insofar as appealed from, on the law, and the matter is remitted to the Supreme Court, Kings County (Gerges, J.), for resentencing on the conviction of criminal sale of a controlled substance in the third degree in accordance herewith.

On January 5, 2005 the defendant, inter alia, pleaded guilty to criminal sale of a controlled substance in the third degree based upon conduct which occurred on May 10, 2002. On January 27, 2005 the Supreme Court, among other things, sentenced the defendant pursuant to the provisions of the Drug Law Reform Act (L 2004, ch 738; hereinafter the DLRA), to a determinate term of six years' imprisonment, to be followed by a two-year period of postrelease supervision.

The DLRA, while ameliorative in nature, expressly states that its sentencing provisions are to have only prospective application (*see People v Dickerson*, 28 AD3d 787, 788 [2006]; *People v Goode*, 25 AD3d 723, 724 [2006]). The relevant provisions of the DLRA became effective on January 13, 2005 (*see People v Utsey*, 7 NY3d 398, 403 [2006]; *People v Dickerson*,

*supra*). Here, since the defendant's crime was committed before the effective date of the new sentencing provisions, the sentence imposed upon the defendant pursuant to the DLRA was invalid as a matter of law, and the defendant must be resentenced under the law applicable at the time of his offense (*see People v Zamor*, 33 AD3d 827, 828 [2006]). Miller, J.P., Mastro, Dillon and McCarthy, JJ., concur.