■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL IVORY, Appellant. [861 NYS2d 219]—

Kavanagh, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered August 16, 2005, convicting defendant upon his plea of guilty of two counts of the crime of criminal sale of a controlled substance in the second degree.

In March 2005, defendant was indicted on three counts of criminal sale of a controlled substance in the third degree and two counts of criminal sale of a controlled substance in the second degree based upon his sale of cocaine to an undercover police officer during a three-month period ending in December 2004. Defendant subsequently pleaded guilty to two counts of criminal sale of a controlled substance in the second degree and, in accordance with defendant's plea agreement, two concurrent prison terms of six years to life were to be imposed. At sentenc-

ing, however, County Court instead imposed two concurrent prison terms of six years. Defendant now appeals.

Initially, inasmuch as he has failed to move either to withdraw his plea or vacate the judgment of conviction, defendant has not preserved his claim that his plea was not knowingly, voluntarily and intelligently made (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Lopez*, 52 AD3d 852, 853 [2008]; *People v Jennings*, 46 AD3d 1029, 1029 [2007], *lv denied* 10 NY3d 766 [2008]). Were we to consider his claim, we would conclude that his plea was knowing, intelligent and voluntary (*see People v Clapper*, 51 AD3d 1336, 1337 [2008]). The plea allocution clearly indicates that defendant was advised by County Court that he was waiving his right to a jury trial, that the People had the obligation to prove his guilt beyond a reasonable doubt and that the jury's verdict had to be unanimous. Defendant indicated that he understood those rights and acknowledged that he had not been forced, threatened or coerced into giving up these rights. Defendant stated that he was satisfied with counsel and proceeded to allocute the facts that constituted the crime to which he pleaded guilty.

Nor was there was any confusion surrounding the sentence that would be imposed if, in fact, defendant pleaded guilty. While defendant requested that he be sentenced to concurrent six-year prison terms in accordance with the Drug Law Reform Act of 2004 (hereinafter DLRA), he was aware at the time that he entered his plea that the plea agreement called for the imposition of two concurrent sentences of six years to life (*see People v La Porte*, 31 AD3d 800, 801 [2006], *lv denied* 7 NY3d 849 [2006]; *People v Gorham*, 18 AD3d 1024, 1025 [2005]).

However, defendant's sentence as imposed by County Court must be modified. Rather than imposing the agreed-upon sentence of six years to life, County Court found that defendant qualified to be sentenced under the DLRA and, based upon that finding, imposed two six-year prison terms. Inasmuch as the crimes for which defendant pleaded guilty were committed prior to the effective date of the DLRA—and the DLRA sentencing guidelines cannot be imposed retrospectively (*see People v Utsey*, 7 NY3d 398, 403 [2006]; *People v Warren*, 41 AD3d 745, 746 [2007])—County Court was required to sentence defendant as a second felony offender convicted of a class A-II felony to an indeterminate period of imprisonment with a maximum term of life imprisonment (*see* Penal Law § 70.06 [3] [a]) and a minimum term of no less than six years (*see* Penal Law § 70.06 [4] [a]). Consequently, the sentences as imposed by County Court were illegal and "by operation of law they cannot stand" (*People*

*v Sellers*, 222 AD2d 941, 941 [1995]; *see People v Tubbs*, 157 AD2d 915, 916 [1990], *lv denied* 76 NY2d 744 [1990]). Defendant's sentence is therefore vacated and the matter is remitted for County Court to impose the agreed-upon indeterminate prison term. Defendant's remaining contentions lack merit.

Mercure, J.P., Spain, Rose and Stein, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Sullivan County for resentencing; and, as so modified, affirmed.