■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER PARAGAS, Appellant. [872 NYS2d 506]—

Appeal by the defendant from so much of an order of the Supreme Court, Queens County (Blumenfeld, J.), dated August 2, 2006, as, upon his conviction of criminal possession of a controlled substance in the first degree, criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree, upon a jury verdict, and upon granting that branch of his motion which was for resentencing pursuant to the Drug Law Reform Act of 2004 (L 2004, ch 738, § 23), denied that branch of his motion which was to reduce his conviction of criminal possession of a controlled substance in the first degree to criminal possession of a controlled substance in the second degree.

Ordered that the order is affirmed insofar as appealed from.

The defendant moved for resentencing on the class A-I felony of criminal possession of a controlled substance in the first degree pursuant to the Drug Law Reform Act of 2004 (L 2004, ch 738, § 23) and to have his conviction for the class A-I felony reduced to a class A-II felony based on the subsequent change in the weight requirement for first-degree possession under the Drug Law Reform Act (see L 2004, ch 738, §§ 21-22). The Supreme Court granted that branch of the defendant's motion which was for resentencing pursuant to Drug Law Reform Act § 23 and imposed a determinate term of 12 years imprisonment with 5 years postrelease supervision, and denied that branch of his motion which was for a reduction of his conviction to criminal possession of a controlled substance in the second degree.

On appeal, the defendant argues that his conviction should be reduced to criminal possession of a controlled substance in the second degree under the amelioration doctrine of *People v Behlog* (74 NY2d 237 [1989]) because he was only convicted of possessing approximately five ounces of cocaine. Here, the amelioration doctrine does not apply, since the defendant's criminal conduct, as well as his original sentence, imposed on June 24, 2003, preceded the enactment of the Drug Law Reform Act of 2004 (*see People v Utsey*, 7 NY3d 398, 404 [2006]; *People v Walker*, 81 NY2d 661, 667 [1993]; *People v Figueroa*, 47 AD3d 524, 524 [2008]; *People v Joseph*, 30 AD3d 248, 249 [2006]; *People v Abreu*, 29 AD3d 336, 336 [2006]; *People v Quinones*, 22 AD3d 218, 219 [2005]).

The defendant's contention that his adjudication as a second felony offender at the original sentence violated his right to a jury trial is not reviewable by this Court on this appeal (*see*

CPL 450.30 [3]; *People v Ferrufino*, 33 AD3d 623 [2006]; *People v DeSpirito*, 27 AD3d 479, 479-480 [2006]). Spolzino, J.P., Covello, Angiolillo and Chambers, JJ., concur.