10-4390-cr
United States v. Mehmeti

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of January, two thousand twelve.

PRESENT: REENA RAGGI,
SUSAN L. CARNEY,
*Circuit Judges*,
MARK R. KRAVITZ,
*District Judge*.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,
*Appellee*,

v.                                                            No. 10-4390-cr

ENVER MEHMETI, a.k.a. En,
*Defendant-Appellant*,

LEONEL ARELLANO, a.k.a. Pudge, a.k.a. Pudgie, FABIAN NASH, a.k.a. Fabe, a.k.a. Ramone Vaughn, TYRONE GARCIA, a.k.a. Greedy, a.k.a. Slim, a.k.a. Ty, RAMONE VAUGHN, a.k.a. Ramone Williams, EDWARD GOTAY, a.k.a. Devane, a.k.a. Eddie, DAMARIS TYESHA GARCIA, MORRIS FULLER, a.k.a. Power Just, a.k.a. PJ, HYSAIN KASAJ, a.k.a. Hus,
*Defendants.*

------------------------------------------------------------------

---

* Judge Mark R. Kravitz of the United States District Court for the District of Connecticut, sitting by designation.

FOR APPELLANT:  John M. Burke, Esq., Brooklyn, New York.

FOR APPELLEE:  Shreve Ariail, Susan Corkery, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (I. Leo Glasser, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of conviction entered on June 17, 2010, is AFFIRMED.

Enver Mehmeti, who pleaded guilty to conspiring to distribute and possess with intent to distribute 50 grams or more of crack cocaine, see 21 U.S.C. §§ 841(b)(1)(A)(iii), 846, and using and carrying a firearm in relation to that drug-trafficking offense, see 18 U.S.C. § 924(c)(1)(A)(i), appeals his below-Guidelines sentence of 300 months' imprisonment on the drug count as procedurally and substantively unreasonable.[1] We review the challenged sentence for abuse of discretion, see United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc), assuming the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. Procedural Error

Mehmeti submits that his sentence is rendered unreasonable by procedural error in the district court's placing him in criminal history category VI. We are not persuaded.

---

[1] Because Mehmeti does not challenge his consecutive 24-month sentence on his firearm conviction, we do not consider it further.

Insofar as Mehmeti faults the Presentence Investigation Report for including a disorderly conduct conviction in its criminal history calculation, the matter is of no import because the district court's adoption of the Career Offender Guideline, see U.S.S.G. § 4B1.1(b) (2009), placed Mehmeti in criminal history category VI regardless of the disorderly conduct conviction. To the extent Mehmeti contends that the district court should not have deemed him a career offender, see id. §§ 4A1.2(a)(2), 4B1.2(c) (2009), this argument is defeated by his counsel's sentencing concession that "under the letter of the law, Mr. Mehmeti is a career offender because of his two prior convictions involving drugs." Sentencing Tr. at 9:3-5. See United States v. Jackson, 346 F.3d 22, 24 (2d Cir. 2003). In any event, the district court did not commit plain error, see United States v. Marino, 654 F.3d 310, 316 (2d Cir. 2011), in counting both Mehmeti's prior felony drug convictions because the crimes were separated by an intervening arrest, see U.S.S.G. § 4A1.2(a)(2) (2009); cf. United States v. Rivers, 50 F.3d 1126, 1128-29 (2d Cir. 1995) (interpreting similar language in application note 3 to § 4A1.2 of 1994 Guidelines). Nor was the fact of Mehmeti's prior felony drug conviction under N.Y. Penal Law § 220.39 altered by subsequent non-retroactive changes in New York law. See People v. Utsey, 7 N.Y.3d 398, 403-04, 822 N.Y.S.2d 475, 477-78 (2006) (holding 2004 Drug Law Reform Act, 2004 N.Y. Sess. Laws ch. 738, non-retroactive). Accordingly, no procedural error renders Mehmeti's sentence unreasonable.

2.   Substantive Reasonableness

Mehmeti argues that a 300-month sentence, although a variance from his 360-month-to-life Guidelines range, was substantively unreasonable under the parsimony clause of 18

3

U.S.C. § 3553(a). Mehmeti faults the district court for giving too much weight to his criminal history and too little to various mitigating circumstances. "[S]ubstantive reasonableness reduces to a single question: 'whether the District Judge abused his discretion in determining that the § 3553(a) factors supported' the sentence imposed." United States v. Jones, 531 F.3d 163, 170 (2d Cir. 2008) (quoting Gall v. United States, 552 U.S. 38, 56 (2007)). In answering this question, "we will not substitute our own judgment for the district court's"; rather, we will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d at 189 (internal quotation marks omitted, emphasis omitted).

That is not this case. The record reveals that the district court carefully considered the § 3553(a) factors in light of Mehmeti's individual circumstances, including his "difficult childhood," Sentencing Tr. at 26:23-24, and "incredibly long criminal history," id. at 35:19. We are required to "give due deference" to the district court as to the "extent" of variance warranted by these factors. Gall v. United States, 552 U.S. at 51. We do not consider what weight we would ourselves give these factors. We consider only "whether the factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case." United States v. Cavera, 550 F.3d at 191. We recognize that the totality of circumstances will support a "broad range" of sentences. United States v. Jones, 531 F.3d at 174. On this record, we have little difficulty concluding that Mehmeti's sentence

4

falls "within the range of permissible decisions" available to the district court. <u>United States v. Cavera</u>, 550 F.3d at 191.

For the foregoing reasons, the judgment of conviction is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court