THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENATO ARCURI, Appellant. [948 NYS2d 561]

The defendant's valid waiver of his right to appeal precludes review of his contention that the sentence imposed was excessive (*see People v Bradshaw*, 18 NY3d 257, 264-267 [2011]; *People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Lopez*, 6 NY3d 248, 255 [2006]; *People v Hidalgo*, 91 NY2d 733, 735 [1998]; *People v Foy*, 89 AD3d 1103, 1103 [2011]; *People v Pertillar*, 37 AD3d 740 [2007]). Mastro, A.P.J., Dillon, Eng, Lott and Miller, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSA BERKEL, Appellant. [948 NYS2d 677]

Contrary to the defendant's contention, the hearing court correctly concluded that she was not in custody when she made certain statements to detectives (*see People v Centano*, 76 NY2d 837, 838 [1990]; *People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]) and, therefore, that the administration of *Miranda* warnings (*see Miranda v Arizona*, 384 US 436, 444-445 [1966]) was not required during the interview.

The defendant's challenge to the trial court's ruling that she could be cross-examined regarding her knowledge of certain prior conduct of her son is without merit. The evidence the People sought to elicit was relevant (*see People v Arafet*, 13 NY3d 460, 465 [2009]), and any prejudicial effect it may have had did not outweigh its probative value.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Leventhal, Austin and Roman, JJ., concur.