People v Griffin (2018 NY Slip Op 06592)





People v Griffin


2018 NY Slip Op 06592


Decided on October 4, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 4, 2018

108338

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
KENNETH C. GRIFFIN, Appellant.

Calendar Date: September 12, 2018

Before: Garry, P.J., McCarthy, Lynch, Aarons and Rumsey, JJ.


Elena Jaffe Tastensen, Saratoga Springs, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Joseph A. Frandino of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered January 28, 2016, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.
Defendant, an inmate, was charged in an indictment with promoting prison contraband in the first degree after he was found to have possessed an ice pick type weapon, which he used to stab another inmate. Pursuant to a plea agreement, defendant pleaded guilty to the reduced charge of attempted promoting prison contraband in the first degree. Consistent with the terms of the plea agreement, County Court sentenced defendant, as a second felony offender, to a prison term of 1½ to 3 years to run consecutively to his current sentence. Defendant appeals.
We affirm. As an initial matter, defendant's challenge to the voluntariness of his guilty plea and claim of ineffective assistance of counsel are matters ordinarily required to be preserved through an appropriate postallocution motion (see People v Decker, 159 AD3d 1190, 1192 [2018], lv denied 31 NY3d 1116 [2018]; People v Evans, 156 AD3d 1246, 1247 [2017]; People v Darrell, 145 AD3d 1316, 1317 [2016], lv denied 29 NY3d 1125 [2017]). However, as defendant pleaded guilty and was sentenced in the same proceeding, he did not have the practical ability to make a postallocution motion and, therefore, his claims are reviewable (see People v Sougou, 26 NY3d 1052, 1054 [2015]; People v Conceicao, 26 NY3d 375, 382 [2015]; People v Rosa, 135 AD3d 434, 434 [2016], lv denied 27 NY3d 968 [2016]). Nevertheless, we find that his claims are without merit.
The plea allocution reflects that defendant was advised by County Court that, by pleading guilty, he would forfeit certain trial-related rights, including "the privilege against self-incrimination and the rights to a jury trial and to be confronted by witnesses" (People v Tyrell, 22 NY3d 359, 365 [2013]; citing Boykin v Alabama, 395 US 238, 243 [1969]; see People v Proper, [*2]133 AD3d 918, 919 [2015]), that the People had the obligation to prove his guilt beyond a reasonable doubt and that the jury's verdict had to be unanimous (see People v Nunez, 56 AD3d 897, 898 [2008], lv denied 11 NY3d 928 [2009]; People v Ivory, 53 AD3d 788, 789 [2008]). Defendant further indicated his understanding of the plea agreement and the plea proceedings and stated his desire to plead guilty instead of proceeding to trial where he could have raised defenses to the charges. In view of the foregoing, we find that defendant was adequately advised of the consequences of his plea and that he made a "knowing, voluntary and intelligent choice among alternative courses of action" (People v Conceicao, 26 NY3d at 384; see People v Soto, 259 AD2d 904, 904 [1999]).
Defendant's claim that his plea was not voluntary because he was denied the effective assistance of counsel is also belied by the record. Defendant indicated that he had sufficient time to speak to his attorney — with whom he had discussed the strengths and weaknesses of his case, trial strategies and suppression issues — and that he was satisfied with his attorney's representation (see People v Beekman, 134 AD3d 1355, 1357 [2015], lv denied 27 NY3d 992 [2016]; People v Abdullah, 122 AD3d 958, 960 [2014], lv denied 24 NY3d 1218 [2015]). Moreover, inasmuch as the record reveals that defense counsel negotiated an advantageous plea on defendant's behalf, and nothing in the record casts doubt on counsel's apparent effectiveness, we find that defendant was afforded meaningful representation in connection with his guilty plea (see People v Fatiu, 158 AD3d 890, 891 [2018]; People v Brown, 154 AD3d 1004, 1006 [2017], lv denied 30 NY3d 1113 [2018]; People v Khan, 139 AD3d 1261, 1264 [2016], lvs denied 28 NY3d 932, 934 [2016]; People v Burns, 133 AD3d 1045, 1047 [2015], lv denied 27 NY3d 1149 [2016]). Finally, as the balance of defendant's ineffective assistance of counsel claim involves matters outside of the record, it is more properly the subject of a CPL article 440 motion (see People v Dutcher, 156 AD3d 1122, 1123 [2017]; People v Lewis, 143 AD3d 1183, 1185 [2016]). Defendant's remaining contention has been considered and found to lack merit.
Garry, P.J., McCarthy, Lynch and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.