People v Nunez (2022 NY Slip Op 01426)





People v Nunez


2022 NY Slip Op 01426


Decided on March 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 08, 2022

Before: Kapnick, J.P., Gesmer, Oing, Singh, Scarpulla, JJ. 


Ind. No. 2577/10 Appeal No. 15457 Case No. 2020-01027 

[*1]The People of the State of New York, Respondent,
v
Miguel Nunez, Also Known as Miguel Nunez-Gibbs, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John L. Palmer of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Morgan Namian of counsel), for respondent.



Judgment of resentence, Supreme Court, Bronx County (Efrain Alvarado, J.), rendered December 13, 2019, resentencing defendant on his conviction of two counts of robbery in the second degree to concurrent terms of five years, unanimously affirmed.
After remand by this Court for a youthful offender determination (see People v Nunez, 170 AD3d 581 [2019]; lv denied 33 NY3d 1034 [2019]), and a hearing held on that issue prior to resentencing, the sentencing court providently exercised its discretion in denying youthful offender treatment (see People v Drayton, 39 NY2d 580 [1976]), given the seriousness of the underlying gunpoint robbery and defendant's significant criminal record, particularly with regard to felonies committed while awaiting trial on the present case. Furthermore, we perceive no basis for reducing the sentence or running it concurrently with an unrelated sentence.
We need not reach the question of whether CPL 420.35(2-a), which authorizes waiver of the mandatory surcharge and fees where the defendant was under 21 years old at the time of the underlying crime and certain other conditions are met, applies retroactively on appeal to defendant, who was sentenced before the new statute's effective date (see People v Utsey, 7 NY3d 398, 404 [2006]; People v Behlog, 74 NY2d 237, 239 [1989]), because we do not find that vacatur of the surcharge and fees as a matter of discretion in the interest of justice would be appropriate under the particular circumstances of this case (see People v Escalona, AD3d, 2022 NY Slip Op 00742 [1st Dept 2022]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 8, 2022