People v Carleto (2022 NY Slip Op 03331)

People v Carleto

2022 NY Slip Op 03331

Decided on May 19, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 19, 2022

Before: Kapnick, J.P., Webber, Mendez, Pitt, Higgitt, JJ. 

Ind. No. 234/15, 3238/18 Appeal No. 15958-15958A Case No. 2020-01761 

[*1]The People of the State of New York, Respondent,
v
Allen Carleto, Defendant-Appellant. 

Robert S. Dean, Center for Appellate Litigation, New York (David J. Klem of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Shera Knight of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Denis J. Boyle, J.), rendered August 30, 2013, convicting defendant, upon his plea of guilty, of robbery in the third degree, adjudicating him a youthful offender, and sentencing him to five years' probation, and judgment, same court (Jeanette Rodriguez-Morick, J. at plea; Ethan Greenberg, J. at sentencing), rendered March 22, 2018, convicting defendant of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of two years, unanimously affirmed.
Defense counsel's remarks indicating that there were no legal grounds for defendant's pro se motion to withdraw his plea in his weapon possession case did not rise to the level of taking an adverse position to his client, and therefore appointment of a new attorney was not required (see People v Taylor, 168 AD3d 468 [1st Dept 2019],
lv denied 33 NY3d 981 [2019]). In any event, the claims made in the motion were "patently insufficient" (People v Mitchell, 21 NY3d 964, 967 [2013]). During the sentencing proceeding, defendant expressly clarified that his plea withdrawal motion was limited to a claim that he had been incorrectly convicted of completed rather than attempted weapon possession. When the court assured defendant that the conviction was, as the record reflects, for the attempted crime, defendant made no further protest.
Defendant made a valid waiver of his right to appeal, which forecloses his excessive sentence claim relating to the weapon possession conviction. In any event, we find no basis for reducing the 2½ year term of postrelease supervision.
Defendant was convicted before the enactment of CPL 420.35(2-a), which permits the waiver of surcharges and fees for persons who, like defendant, were less than 21 years old at the time of the crime. We need not reach the question of whether this statute applies retroactively on appeal to defendant (see People v Utsey, 7 NY3d 398, 404 [2006]; People v Behlog, 74 NY2d 237, 239 [1989]) because, based on all of the circumstances, we do not find that vacatur of the surcharge and fees as a matter of
discretion in the interest of justice would be appropriate as to either of the judgments on appeal (see People v Nunez, 203 AD3d 476 [1st Dept 2022]; People v Escalona, 202 AD3d 451 [1st Dept 2022]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 19, 2022