People v Naseem J. (2022 NY Slip Op 05805)

People v Naseem J.

2022 NY Slip Op 05805

Decided on October 18, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 18, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Oing, Kennedy, Mendez, JJ. 

Ind. No. 519/15, 795/15, 203/16 Appeal No. 16445-16445A-16445B Case No. 2017-2113 

[*1]The People of the State of New York, Respondent,
v
Naseem J., Defendant-Appellant.

Janet E. Sabel, The Legal Aid Society, New York (Laura Boyd of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Felicia A. Yancey of counsel), for respondent.

Judgments, Supreme Court, Bronx County (William I. Mogulescu, J.), rendered January 27, 2016, convicting defendant, upon his pleas of guilty, of robbery in the first degree (three counts), robbery in the second degree and promoting prison contraband in the first degree, adjudicating him a youthful offender as to the latter two convictions only, and sentencing him to an aggregate term of five years, unanimously affirmed.
The sentencing court providently exercised its discretion in denying youthful offender treatment except as indicated (see People v Drayton, 39 NY2d 580 [1976]), given the seriousness of the knifepoint robberies and defendant's criminal record, particularly regarding defendant's conduct while awaiting sentencing (see People v Nunez, 203 AD3d 476, 477 [1st Dept 2022], lv denied 38 NY3d 1073 [2022]).
We find it unnecessary to reach the question of whether CPL 420.35(2-a) applies retroactively, because we do not find that vacatur of the surcharges and fees, as a matter of discretion in the interest of justice, would be appropriate under the circumstances of this case (id. at 477).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 18, 2022